NO.
12-06-00399-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

SENECA LLEWLYN MCKENZIE,            §                      APPEAL
FROM THE THIRD 

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Seneca
Llewlyn McKenzie appeals his conviction for delivery of between four and two
hundred grams of cocaine, for which he was sentenced to imprisonment for
eighteen years.  In one issue, Appellant
argues that his sentence amounted to cruel and unusual punishment.  We affirm.

                                                                        

Background

            Appellant
was charged with delivery of between four and two hundred grams of cocaine
and  pleaded “not guilty.”  A jury found Appellant guilty as charged and
the matter proceeded to a bench trial on punishment.  At the conclusion of the trial on punishment,
the trial court sentenced Appellant to imprisonment for eighteen years.  This appeal followed.

 

Cruel and
Unusual Punishment








            In
his sole issue, Appellant contends that the sentence imposed on him constituted
cruel and unusual punishment under both the Texas and United States
constitutions.  Initially, we note that
Appellant made no objection to the trial court raising the issue of cruel and
unusual punishment and has, therefore, waived such an issue on appeal.  See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the
Texas constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); Tex. R. App. P. 33.1.  However, even absent waiver, we conclude that
Appellant’s sentence did not constitute cruel and unusual punishment.  

            The
legislature is vested with the power to define crimes and prescribe
penalties.  See Davis v. State,
905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  In the case at hand,
Appellant was convicted of delivery of between four and two hundred grams of
cocaine.  See Tex. Health & Safety Code Ann. §§
481.112(d); 481.102(3)(D) (Vernon 2003 & Supp. 2006).  The punishment range for such an offense is
between five and ninety-nine years, or life. 
See Tex. Health &
Safety Code Ann.  § 481.112(d);
Tex. Penal Code Ann. § 12.32(a)
(Vernon 2003).  Here, the punishment
assessed by the trial court falls within the range set forth by the
legislature.  Id.  Therefore, the punishment is not
prohibited as cruel, unusual, or excessive per se.

            Nonetheless,
Appellant urges the court to perform the three part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983).  Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.[1]








 
The application of the Solem test has been modified by
Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme
Court’s decision in Harmelin to require a threshold
determination that the sentence is grossly disproportionate to the crime before
addressing the remaining elements.  See,
e.g., McGruder, 954 F.2d at 316; see also Jackson v. State,
989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[2] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction of obtaining
$120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  The
life sentence was imposed because the appellant also had two prior felony
convictions—one for fraudulent use of a credit card to obtain $80.00 worth of
goods or services and the other for passing a forged check in the amount of
$28.36.  Id., 445 U.S. at
266, 100 S. Ct. at 1134-35.  After
recognizing the legislative prerogative to classify offenses as felonies and,
further, considering the purpose of the habitual offender statute, the court
determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment.  Id.,
445 U.S. at 285, 100 S. Ct. at 1145.  

            In
the case at hand, the offense committed by Appellant—delivery of between four
and two hundred grams of cocaine—was far more serious than any of the offenses
committed by the appellant in Rummel, while Appellant’s eighteen
year sentence is far less severe than the life sentence upheld by the Supreme
Court in Rummel.  Thus, it
follows that if the sentence in Rummel was not unconstitutionally
disproportionate, then neither is the sentence assessed against Appellant in
the case at hand.  Therefore, since we do
not find the threshold test to be satisfied, we need not apply the remaining
elements of the Solem test. 
Appellant’s sole issue is overruled.

 

Disposition

Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion
delivered May 29, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)











[1] The strict application of the Solem
test has been questioned since the Supreme Court rendered its opinion in Harmelin
v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991).  See Simmons, 944
S.W.2d at 15.  The Texarkana Court of
Appeals discussed the applicability of Solem in Davis
v. State and observed that five members of the Supreme Court in Harmelin
rejected the application of the three factor test.  See Simmons, 944 S.W.2d at 15
(citing Davis, 905 S.W.2d at 664).  However, the court in Davis
nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still
supported an Eighth Amendment prohibition against grossly disproportionate
sentences.  See Davis, 905
S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.–Dallas
1994, pet. ref’d)).





[2]
Incidentally, the Fifth Circuit has referred to Rummel as a “handy
guide” in conducting a proportionality review. 
See McGruder, 954 F.2d at 317.